UNITED INSURANCE COMPANY, as assignee of National Union Fire Insurance Company of Pittsburgh, PA

v.

UNISYS CORPORATION,
Defendant/Third–
Party

v.

AMERICAN RISK MANAGEMENT, INC.; ARM International Corp.; National Union Fire Insurance Company of Pittsburgh, PA; AIG Risk Management, Inc., Third–Party Defendant

UNISYS CORPORATION, Appellant.

No. 01–2196.

United States Court of Appeals, Third Circuit.

Argued Feb. 28, 2002.

Filed June 28, 2002.

Gregg S. Sodini, Esquire (Argued), Buchanan Ingersoll, Princeton, NJ, Jonathan D. Clemente, Esquire, Clemente, Dickson & Mueller, Morristown, NJ, Joseph F. Lagrotteria, Esquire, St. John & Wayne, Newark, NJ, Counsel for Appellees.

John Ellison, Esquire (Argued), Timothy P. Law, Esquire, Anderson, Kill & Olick, Philadelphia, PA, Counsel for Appellant.

Before ROTH and FUENTES, Circuit Judges KATZ *, District Judge.

* Honorable Marvin Katz, District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

824

## OPINION

ROTH, Circuit Judge.

Unisys Corporation appeals from a final order of judgment of the United States District Court for the District of New Jersey, granting United Insurance Company's Motion for Partial Summary Judgment. The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of a motion for summary judgment. See *Metro Transp. Co. v. North Star Reinsurance Co.*, 912 F.2d 672, 678 (3d Cir.1990). In our review of the grant of summary judgment, we view all reasonable inferences from the evidence in a light most favorable to the nonmoving party. *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir.1997). Summary judgment may be granted where there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

United Insurance brought suit seeking payment of retrospective premiums allegedly due from Unisys. United Insurance is an assignee of National Union Fire Insurance Co. which had sold a series of annual retrospectively-rated blanket liability insurance policies to Sperry Corporation, a predecessor company of Unisys.

Unisys argues on appeal that the District Court erred in determining that the Retrospective Premium Endorsement to the Policy in question was unambiguous and therefore the loss adjustment and other non-indemnity elements of incurred loss expenses under the Policy are not subject to the $500,000 maximum cap for recovery.

The District Court found that, in calculating retrospective premiums due from Unisys, the incurred losses to be included in computing the premium under the Policy should not include the portion of the losses actually paid and the reserves for unpaid losses which are in excess of the $500,000 cap. The four non-indemnity elements contained within the definition of incurred losses (premium on bonds, interest, all loss adjustment expenses, and expenses incurred in seeking recovery against a third-party) are not subject to the cap.

From our review of the Policy language, we agree that the Policy is not ambiguous.

We affirm the District Court's granting of United's motion for summary judgment.